# EXHIBIT A

3/25    2:50 PM

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
INFOSYS LIMITED and DOES 1 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
RICK DOMINGUEZ,

<table>
<tr><td>

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**03/10/2014** at 09:22:15 AM
Clerk of the Superior Court
By Diana Cuevas,Deputy Clerk

</td></tr>
</table>

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>California Superior Court County of Orange Central Justice Center<br>700 Civic Center Drive West<br>Santa Ana, CA 92701 | CASE NUMBER:<br>*(Número del Caso):*<br>30-2014-00709460-CU-OE-CJC<br><br>Judge Derek W. Hunt |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Daniel P. Stevens (SBN 164277)  STEVENS & McMILLAN          Telephone No.: 714/730-1000
335 Centennial Way, Tustin, CA 92780                          Fax No.: 714/730-1067

| DATE:<br>*(Fecha)*  03/10/2014 | ALAN CARLSON, Clerk of the Court | Diana Cuevas , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):* Infosys Limited

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☑ other *(specify):* unknown entity
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov<br>*LexisNexis® Automated California Judicial Council Forms* |
|---|---|---|

Heather McMillan (188939)
Daniel P. Stevens (164277)
STEVENS & McMILLAN
335 Centennial Way
Tustin, CA 92780
Tel.:   (714) 730-1000
Fax:   (714) 730-1067

Attorneys for Plaintiff
RICK DOMINGUEZ

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**03/10/2014** at 09:22:15 AM
Clerk of the Superior Court
By Diana Cuevas,Deputy Clerk

## IN THE SUPERIOR COURT FOR THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

| | |
|---|---|
| RICK DOMINGUEZ,<br><br>        Plaintiff,<br><br>v.<br><br>INFOSYS LIMITED and DOES 1 through 50, inclusive,<br><br>        Defendants. | Case No.:  30-2014-00709450-CU-OE-CJC<br><br>Judge Derek W. Hunt<br><br>COMPLAINT FOR DAMAGES<br><br>1.   Violation of Labor Code §1102.5<br>2.   Wrongful Termination<br>3.   Violation of Labor Code Section 2699<br>4.   Failure to Pay Wages |

Plaintiff alleges:

    1.    At all times mentioned in this complaint, Defendant INFOSYS LIMITED was a corporation, duly licensed, and conducting business in the State of California.

    2.    At all times mentioned in this complaint, Plaintiff RICK DOMINGUEZ was a resident of California and working for the defendant out of his home office in the County of Orange, California.   During the relevant time period, Plaintiff was employed by and then terminated by Defendant.

    3.    Plaintiff does not know the true names of Defendants DOES 1 through 50, inclusive, and therefore sue them by those fictitious names.

    4.    Plaintiff is informed and believes, and on the basis of that information and belief alleges, that at all times mentioned in this complaint, DOE defendants were the agents and

1

**Complaint for Damages**

1    employees of their co-defendants or otherwise responsible for the conduct complained of herein, and

2    in doing the things alleged in this complaint were acting within the course and scope of that agency

3    and employment or were otherwise responsible for the damages complained of by the Plaintiff.

4                                    **FACTUAL ALLEGATIONS**

5          5.      Rick Dominguez commenced employment with Infosys Limited working out of his

6    home office in Fullerton, California as a Managing Senior Principal.  As a consultant, he would help

7    implement new software programs with large companies.

8          6.      Mr. Dominguez was entitled to a performance based bonus of up to 80% of his salary.

9    The bonus gets paid twice a year based on fiscal year of April 1 through March 31.  He started on

10   or around  August 6, 2012.  Mr. Dominguez received his first evaluation for the period through

11   September 30, 2012, but because he was there for only a small portion of the six month time period,

12   he did not receive a full bonus.

13         7.      In the following year, Mr. Dominguez's superior failed to give him his evaluation in

14   time to qualify for his bonus.  When Mr. Dominguez complained, he was given a very late

15   substandard review which did not comport to his performance.  The review was so poor, that he did

16   not qualify for any of his performance based incentives.  In reality, the bonus money had already

17   been divided among the employees, and so his superiors gave him an unjustified poor review so that

18   they did not have to pay him the bonus he was entitled to receive.

19         8.      Mr. Dominguez complained to Human Resources several times between June 28,

20   2013 and July 19, 2013. On July 23, 2013, the company retaliated against Mr. Dominguez by putting

21   him on a Performance Improvement Plan.

22         9.      The Performance Improvement Plan was clearly designed to cause Mr. Dominguez

23   to fail and create a false impression of a termination for legitimate reasons.  In fact, they took him

24   off of his project about one week after putting him on the PIP and did not assign to him any new

25   projects.  Therefore, it was impossible for him to meet the PIP goals.

26         10.     Mr. Dominguez was terminated on September 17, 2013.  The stated reason was that

27   he did not reach the goals set forth in the PIP.

28                                            2

                               **Complaint for Damages**

11.     The true reason for his termination is that he was fired for complaining about not receiving his performance based bonus and the false review he received to support the failure to give him a bonus.

12.     In compliance with Labor Code 2699.3, Plaintiff provided notice to the Labor and Workforce Development Agency and defendant employer alleging violations of the California Labor Code and more than 33 days have passed and the LWDA has not elected to enforce these violations. As such, Plaintiff hereby commences his own civil action pursuant to Labor Code Section 2699.

## FIRST CAUSE OF ACTION

(Violation of Labor Code 1102.5)

(By Plaintiff against All Defendants)

13.     Plaintiff hereby incorporates by reference paragraphs 1 through 12, inclusive, of this complaint as if fully set forth.

14.     This cause of action is brought pursuant to California Labor Code section 1102.5 which prohibits an employer from retaliating against an employee for disclosing information to a person over the employee or to another employee who has power to investigate, where the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation or noncompliance with a state or federal rule or regulation.

15.     Plaintiff complained that he was not paid wages that he was entitled to receive.

16.     Defendants discovered that plaintiff made the complaint and retaliated by giving him a poor performance review, putting him on a PIP that was designed to get rid of him, and then terminating him.

17.     Pursuant to California Labor Code section 1102.5(f), the defendant will be liable for a penalty of up to $10,000.00 for each violation of this section.

18.     As a direct and proximate result of Defendant's unlawful conduct as alleged in this complaint, Plaintiff has suffered extreme and severe anguish, humiliation, nervousness, anger, tension, anxiety and emotional distress.

19.     As a further direct and proximate result of the unlawful conduct, Plaintiff has

3

**Complaint for Damages**

1   suffered and continues to suffer loss of income, loss of earning capacity, loss of job opportunity

2   and other losses.

3        20.    Because the acts taken toward Plaintiff were carried out by Defendants acting in a

4   deliberate, cold, callous, malicious, oppressive, and intentional manner in order to injure and

5   damage plaintiff, Plaintiff requests the assessment of punitive damages against Defendants, in an

6   amount appropriate to punish and make an example of Defendants.

7        21.    Pursuant to California Labor Code section 98.6, plaintiff also seeks the remedy of

8   reinstatement and reimbursement for lost wages from the defendant.

9        22.    Pursuant to California Labor Code section 2699, plaintiff is entitled to reasonable

10   attorney's fees and costs.

11                        **SECOND CAUSE OF ACTION**

12                            (Wrongful Termination)

13                        (By Plaintiff Against All Defendants)

14       23.    Plaintiff hereby incorporates by reference paragraphs 1 through 22, inclusive,

15   as though fully set forth at this point.

16       24.    Plaintiff alleges that the discharge was wrongful because it was in violation of the

17   public policy of the State of California as set forth in California Labor Codes Sections 203, 204,

18   and 1102.5, et seq.

19       25.    As a direct and proximate result of Defendants' unlawful conduct as alleged in

20   this complaint, Plaintiff has suffered extreme and severe anguish, humiliation, anger, tension,

21   anxiety, depression, lowered self-esteem, sleeplessness and emotional distress.

22       26.    As a further direct and proximate result of the unlawful conduct, Plaintiff has

23   suffered and continues to suffer loss of income, loss of earning capacity, loss of job opportunity

24   and other losses.

25       27.    Because the acts taken toward Plaintiff were carried out by Defendants acting in a

26   deliberate, cold, callous, malicious, oppressive, and intentional manner in order to injure and

27   damage plaintiff, Plaintiff requests the assessment of punitive damages against Defendants in an

28                                    4

_____

                        Complaint for Damages

1   amount appropriate to punish and make an example of Defendants.

2   ### THIRD CAUSE OF ACTION

3   (Violation of Labor Code § 2699)

4   (By Plaintiff Against All Defendants)

5   28.   Plaintiff hereby incorporates by reference paragraphs 1 through 27, inclusive, as

6   though fully set forth at this point.

7   29.   California Labor Code § 2699 provides for recovery through a civil action brought

8   by an aggrieved employee on behalf of himself or herself and other current or former employees

9   pursuant to the procedures specified in Section 2699.3.

10   30.   The defendant violated the following Labor Code Sections: 98.6, 1102.5 and 203.

11   31.   Plaintiff seeks the following civil penalties and other remedies on behalf of the

12   plaintiff and any other employee similarly situated:

13   A) $100 for each employee per pay period pay period for initial violation and $200 for

14   each employee per pay period for each subsequent violation - Labor Code Section 2699

15   (f)(2);

16   B) reinstatement and reimbursement - Labor Code Section 98.6;

17   C) a penalty equal to 30 days wages - Labor Code Section 203;

18   D) a $10,000 penalty - Labor Code Section 1102.5.

19   32.   In addition, pursuant to Labor Code Section 2699(f), Plaintiff is entitled to an

20   award of reasonable attorney's fees and costs.

21   ### FOURTH CAUSE OF ACTION

22   (Failure to Pay Wages)

23   (By Plaintiff Against All Defendants)

24   33.   Plaintiff hereby incorporates paragraphs 1 through 32, inclusive, as though fully

25   set forth at this point.

26   34.   As described herein, plaintiff was not paid performance based bonuses that he had

27   earned.

28                                        5

---

**Complaint for Damages**

35.     Labor Codes sections 200-201 provides that an employer must pay all wages, including overtime pay, owed to an employee at the time of termination.

36.     At all times relevant in this complaint and since the date of Plaintiff's termination from employment, Plaintiff has been available and ready to receive the amount of compensation owing to plaintiff.  Plaintiff has not refused to receive payment, nor has Plaintiff been absent from plaintiff's regular place of residence for any period of time which would have prevented plaintiff from accepting payment.

37.     Defendant employer's refusal to pay the compensation to to Plaintiff is wilful in that Plaintiff was owed the money, Plaintiff demanded payment and Defendant employer refused to pay the money owing.

38.     Labor Code section 203 provides that when an employer willfully fails to pay wages due, an employee's wages will continue as a penalty until paid up to 30 days from the time the wages were due.  The daily penalty is equal to the employee's daily wages which include all commissions or bonuses that the employee should have earned (Cal. Labor Code §§ 203, 210, 226.3).  Therefore, Plaintiff is entitled to a penalty equal to 30 times Plaintiff's average daily pay (after adding in the wages and overtime wages she did not receive).

39.     In addition to the unpaid wages, interest and penalties claimed by Plaintiff, Plaintiff also demands recovery for attorney's fees and costs pursuant to Labor Code section 218.5.

40.     Plaintiff is also entitled to interest on the late paid wages at a rate of 10% (Cal. Labor Code § 218.6; Cal. Civ. Code § 3289(b).)

41.     Plaintiff is also entitled to interest on the penalty now due and owing.

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

As to the First Cause of Action:

1.      For general and compensatory damages;

2.      For special damages;

3.      Penalty of $10,000 for each violation of 1102.5(f);

6

---

**Complaint for Damages**

| | | |
|---|---|---|
| 1 | 4. | Reinstatement and reimbursement for lost wages under Labor Code §98.6; |
| 2 | 5. | For attorney's fees and costs pursuant to Labor Code §2699. |
| 3 | 6. | For prejudgment interest on all amounts claimed that are readily ascertainable; |
| 4 | 7. | For punitive damages; and |
| 5 | 8. | For such other and further relief that the court considers proper. |
| 6 | **As to the Second Cause of Action:** | |
| 7 | 1. | For general and compensatory damages; |
| 8 | 2. | For special damages according to proof; |
| 9 | 3. | For punitive damages; |
| 10 | 4. | For prejudgment interest on all amounts claimed that are readily ascertainable; |
| 11 | 5. | For costs;  and |
| 12 | 6. | For such other and further relief that the court considers proper. |
| 13 | **As to the Third Cause of Action:** | |
| 14 | 1. | For civil penalties; |
| 15 | 2. | For attorney's fees under Labor Code Section 2699(g)(1); |
| 16 | 3. | For reinstatement and reimbursement; |
| 17 | 4. | For prejudgment interest on all amounts claimed that are readily ascertainable; |
| 18 | 5. | For such other and further relief that the court considers proper. |
| 19 | /// | |
| 20 | /// | |
| 21 | /// | |
| 22 | /// | |
| 23 | /// | |
| 24 | /// | |
| 25 | /// | |
| 26 | /// | |
| 27 | /// | |
| 28 | | 7 |

**Complaint for Damages**

As to the Fourth Cause of Action:

1.    All unpaid wages, vacation and PTO;

2.    For prejudgment interest on all amounts claimed;

3.    For a Labor Code section 203 penalty equal to 30 days of wages;

4.    For attorneys' fees and costs pursuant to Labor Code sections 218.5; and

5.    For such other and further relief that the court considers proper.

STEVENS & McMILLAN

Dated: March 10, 2013          By:   _____

DANIEL P. STEVENS
Attorney for Plaintiff
RICK DOMINGUEZ

8

**Complaint for Damages**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

¯Daniel P. Stevens (SBN 164277)
Stevens & McMillan
335 Centennial Way,  Tustin, CA 92780
TELEPHONE NO.: 714/730-1000          FAX NO.: 714/730-1067
ATTORNEY FOR *(Name):* Plaintiff, Rick Dominguez

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, CA 92701
BRANCH NAME: Central Justice Center

CASE NAME:
Rick Dominguez v. Infosys Limited

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**03/10/2014** at 09:22:15 AM
Clerk of the Superior Court
By Diana Cuevas, Deputy Clerk

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 30-2014-00709450-CU-OE-CJC |
|---|---|---|
| [X] Unlimited    [ ] Limited (Amount demanded exceeds $25,000)    (Amount demanded is $25,000 or less) | [ ] Counter    [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:  Judge Derek W. Hunt  DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [X] is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties          d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel     e. [ ] Coordination with related actions pending in one or more courts
       issues that will be time-consuming to resolve                   in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence              f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [X] punitive
4. Number of causes of action *(specify):* Four (4)
5. This case [ ] is   [X] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: March 7, 2014

DANIEL P. STEVENS
(TYPE OR PRINT NAME)                                        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courtinfo.ca.gov |
|---|---|---|

*LexisNexis® Automated California Judicial Council Forms*

Exhibit A                                                                                11

1  Heather McMillan (SBN 188939)
   Daniel P. Stevens (SBN 164277)
2  STEVENS & McMILLAN
   335 Centennial Way
3  Tustin, CA 92780
   Tel.:   (714) 730-1000
4  Fax:   (714) 730-1067

5  Attorneys for Plaintiff
   RICK DOMINGUEZ

6

7

8              SUPERIOR COURT FOR THE STATE OF CALIFORNIA

9              COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

10

11  RICK DOMINGUEZ,                    )    Case No.: 30-2014-00709450-CU-OE-CJC
                                       )
12                    Plaintiff,       )    Assigned to:
                                       )
13  v.                                 )    Dept. No.:
                                       )
14  INFOSYS LIMITED and DOES 1 through )    Action Filed: 3/10/14
    50, inclusive,                     )
15                                     )
                      Defendants.      )    **STATEMENT OF DAMAGES**
16                                     )

17      1.    General damages in excess of $5,000,000.

18      2.    Special damages in excess of $5,000,000.

19

20                                          STEVENS & McMILLAN

21

22  Dated: March 11, 2013          By:    _____

23                                         DANIEL P. STEVENS
                                           Attorney for Plaintiff
24                                         RICK DOMINGUEZ

25

26

27

28

                                    1
                          **Statement of Damages**

ELECTRONICALLY FILED
Superior Court of California,
County of Orange

**03/12/2014** at 01:23:00 PM
Clerk of the Superior Court
By Emma Castle, Deputy Clerk

1  Heather McMillan (SBN 188939)
    Daniel P. Stevens (SBN 164277)
2  STEVENS & McMILLAN
    335 Centennial Way
3  Tustin, CA 92780
    Tel.:  (714) 730-1000
4  Fax:  (714) 730-1067

5  Attorneys for Plaintiff
    RICK DOMINGUEZ

6

7

8              SUPERIOR COURT FOR THE STATE OF CALIFORNIA

9              COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

10

11  RICK DOMINGUEZ,                              )  Case No.: 30-2014-00709450-CU-OE-CJC
                                                 )
12                      Plaintiff,               )  Assigned to:  JUDGE DEREK W. HUNT
                                                 )
     v.                                          )  Dept. No.:  C24
13                                               )
     INFOSYS LIMITED and DOES 1 through )  Action Filed: 3/10/14
14  50, inclusive,                               )
                                                 )
15                      Defendants.              )  MOTION FOR PEREMPTORY
                                                 )  DISQUALIFICATION; DECLARATION
16                                               )  OF HEATHER K. McMILLAN IN
                                                    SUPPORT THEREOF

17                                                  [Cal. Code Civil Pro. Section 170.6]

18

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

                                         1
                    Motion for Peremptory Disqualification and Declaration

1    TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2         PLEASE TAKE NOTICE THAT Plaintiff, Rick Dominguez ("Plaintiff") hereby moves,

3    pursuant to Code of Civil Procedure section 170.6, that the Honorable Derek W. Hunt, of the

4    Superior Court of the State of California, for the County of Orange, be disqualified from trying any

5    issue of fact or law that involves the above-entitled case.

6         This motion is based upon the Declaration of Heather K. McMillan attached hereto and is

7    made on the grounds that Judge Hunt is prejudiced against Plaintiffs or their interests in this action,

8    such that Plaintiff believes that they cannot have a fair and impartial trial before this Judge.

9    Accordingly, under sub-section (3) of section 170.6 "and without any further act or proof," this

10   matter must be reassigned to another Judge of the Orange County Superior Court.

11

12                                    STEVENS & McMILLAN

13

14   Dated: March 12, 2014              By: _____

15                                          HEATHER K. McMILLAN
                                            Attorney for Plaintiff
16                                          RICK DOMINGUEZ

17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF HEATHER K. McMILLAN

Heather K. McMillan declares:

1.     I am an attorney duly licensed to practice law in the State of California and am a Partner in the law firm of Stevens & McMillan counsel for Plaintiff, Rick Dominguez.  Except as otherwise indicated, I have personal knowledge of the facts set forth herein, and if called to testify, I could and would competently testify thereto under oath.

2.     I am informed and believe that the Honorable Derek W. Hunt, who has been assigned to this matter for all purposes (including trial), is prejudiced against Plaintiff or their interests, so that I believe Plaintiffs cannot have a fair and impartial trial before Judge Hunt.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 12th day of March, 2014, at Tustin, California.

HEATHER K. McMILLAN

---

3

Motion for Peremptory Disqualification and Declaration

# SUPERIOR COURT OF CALIFORNIA,
## COUNTY OF ORANGE
### CENTRAL JUSTICE CENTER

#### MINUTE ORDER

DATE: 03/21/2014                TIME: 09:39:00 AM        DEPT: C01

JUDICIAL OFFICER PRESIDING: Presiding Judge Glenda Sanders
CLERK: Martha Varela
REPORTER/ERM: None
BAILIFF/COURT ATTENDANT: None

CASE NO: **30-2014-00709450-CU-OE-CJC** CASE INIT.DATE: 03/10/2014
CASE TITLE: **Dominguez vs. Infosys Limited**
CASE CATEGORY: Civil - Unlimited        CASE TYPE: Other employment

---

EVENT ID/DOCUMENT ID: 71920604
EVENT TYPE: Chambers Work

---

## APPEARANCES

---

There are no appearances by any party.

A Peremptory Challenge under C.C.P. § 170.6 as to the Honorable Derek W. Hunt having been filed on 3/12/14, by plaintiff, and this matter having been transferred to C1 for reassignment, the Court now rules as follows:

This case is reassigned to the Honorable Frederick P. Horn in Department C31 for all purposes.

Counsel to contact clerk in Department C31 within 15 days of receipt of this order to reschedule any pending hearings.

The Court determines that for purposes of exercising C.C.P. § 170.6 rights, there are two sides to this matter unless the contrary is brought to the attention of the Court, by Ex-Parte motion. Counsel has 15 days from the date of the enclosed certificate of mailing in which to exercise any rights under C.C.P. § 170.6.

Court orders clerk to give notice. Plaintiff to give notice to any parties not listed and to file proof of service with the court within 10 days.

---

DATE: 03/21/2014                      MINUTE ORDER                              Page 1
DEPT: C01                                                                   Calendar No.

Exhibit A                                      16

- Superior Court of Orange County Local Rules of Court
- Title 3 of the California Rules of Court, including Ex Parte Applications and notice requirements
- Telephone Appearances
    - Service Provider
    - Superior Court of Orange County Local Rule 373 ⚖
    - Rule 3.670, California Rules of Court
- Courtroom evidence presentation equipment
- To view a listing of the Civil cases on calendar go to the Cases on Calendar section of this website.

## Rescheduling a Hearing Date

Contact the courtroom directly at the telephone numbers listed below.

## Examination of Judgment Debtor Hearings

Thursdays at 9:00 a.m. in Department C59. You do not need to reserve a date.

### SUPERIOR COURT OF ORANGE COUNTY - HEARING SCHEDULE
### UNLIMITED CIVIL PANEL
#### Actions over $25,000
#### Last update: Jan 6, 2014

| Dept | Civil Judges | Noticed Motions Heard | EX Partes Heard: | Telephonic Notice to Courtroom no later than: | EX Parte Application Presented in Courtroom no later than: |
|------|-------------|----------------------|-----------------|----------------------------------------------|----------------------------------------------------------|
| C23 | Aguirre, (657) 622-5223 | Friday, 10:00 A.M., Rulings posted on the Inernet. Reservations required, please visit our on-line Reserve a Motion Date | M-F, 8:30 A.M. | No Telephonic Notice to Department | 11:30 a.m., day before Ex Parte Hearing |
| C11 | Banks, (657)622-5211 | General Policies and Procedures ⚖ Friday, 1:30 P.M., Rulings posted on Internet. NOTE: Reservations required, please visit our on-line Reserve a Motion Date. Tentative Rulings General | M - Th, promptly at 9:00 A.M. | Noon, day before hearing. Reservations are required for Ex Parte hearings. | 3:00 P.M., day before Ex Parte hearing |

Superior Court of California - County of Orange                                    Page 4 of 10

| | | Policies and Procedures | | | |
|---|---|---|---|---|---|
| CX103 | Bauer, (657) 622-5303 | Mon. 9:00 AM. *If Monday is a holiday, Law & Motion is heard on Tuesday at 9:00 a.m. NO Tentative rulings. NO reservation required | T, Th, 1:30 PM - *Proposed order required | 10:00 AM day before Ex Parte hearing. Reservation must be made with courtroom prior to hearing being set. | 12:00 PM, day before ex parte hearing. Courtesy copy required by 12:00 p.m. day before Ex Parte hearing. |
| C20 | Chaffee, (657)622-5220 | Exhibit Information  Friday, 9:30 A.M. Tentative Rulings posted on Internet by 3:00 P.M. day prior to motion. Reservations required, please visit our on-line Reserve a Motion Date.  Tentative Rulings | M - F, 1:30 P.M. | None | No later than noon day before Ex Parte hearing. |
| C18 | Claster, (657) 622-5218 | General Policies and Procedures  Tuesday, 2:00 P.M. *If Monday is a holiday, law and motion is heard on Thursday at 2:00 p.m.  Effective 2/1/14 Motions will be heard Thursdays at 1:30 P.M.  Reservations required, please visit our on-line Reserve a Motion Date.  Tentative | M-F, 8:30 A.M. | Noon, day before Ex Parte hearing | 3:00 P.M., day before the Ex Parte hearing |

Rulings

General
Policies and
Procedures

Friday 10:00
A.M. Tentative
Rulings posted
by 3:00 p.m. on
Thursday

| | | | | | |
|---|---|---|---|---|---|
| C25 | Colaw, (657) 622-5225 | Tentative Rulings | M-F 1:30 P.M. 12:00 p.m. day before Ex Parte hearing - Reservation must be made with courtroom prior | 12:00 p.m. day before Ex Parte hearing - Reservation must be made with courtroom prior to hearing being set | due by 3:00 p.m., day before the Ex Parte hearing |

General
Policies and
Procedures

Thursdays,
1:30 P.M.
Tentative
Rulings are
posted on
Thursdays at
1:30 P.M.
Reservations
required,
please visit our
on-line Reserve
a Motion Date.

| | | | | | |
|---|---|---|---|---|---|
| C16 | Di Cesare, (657) 622-5216 | | M, T, W, F, 1:30 P.M. | Noon, day before Ex Parte Hearing | 3:00 P.M. day before the Ex Parte hearing |

Tentative
Rulings

General
Policies and
Procedures

Wednesdays at
10:00 a.m.
Tentative
Rulings posted
by Tuesday at
4:30 P.M.
Reservations
required,
please visit our
on-line Reserve
a Motion Date.

| | | | | | |
|---|---|---|---|---|---|
| C22 | Fell, (657) 622-5222 | | M - F, 8:30 A.M. | Not Required - Receipt of Ex Parte papers constitutes notice to the Court. | 2:00 P.M., Day Before Ex Parte hearing |

Tentative
Rulings

General

| | | | | |
|---|---|---|---|---|
| C13 | Gastelum, (657) 622-5213 | Policies and Procedures<br><br>Tuesday 2:00 p.m. Reservations required, please visit our on-line Reserve a Motion Date. NOTE: Motion for Summary Judgments for this department does not have the mandatory 24 hour filing rule.<br><br>Tentative Rulings | M-Th 1:30 p.m. | Reservations Require for Ex Partes by Noon the day before Ex Parte hearing. | 3:00 p.m. day before Ex Parte hearing, including all oppositions and replies. |
| C32 | Glass, (657) 622-5232 | General Policies and Procedures<br><br>Motions are heard on Mondays at 1:30 P.M.<br><br>Tentative Rulings<br><br>General Policies and Procedures | M, 10:00 A.M.; T - F, 9:00 A.M. | 11:00 A.M. the day before the Ex Parte hearing. Reservation must be made with courtroom prior to hearing being set | Presented in Dept. C32 by 3:00 P.M. the day before the ex parte hearing |
| C17 | Griffin, (657) 622-5217 | Tuesday at 2:00 pm.Effective 6/26/13 Wednesdays at 2:00 p.m. Reservations required, please visit our on-line Reserve a Motion Date.<br><br>Tentative Rulings<br><br>General Policies and Procedures | M-F 8:30 a.m.<br><br>Please Note: 2/28/14 through 3/7/14 ONLY Ex Partes will be heard at 1:30 PM<br><br>Ex Partes will not be heard on the following dates: 12/19/13, 2/27/14, 3/27/14, 4/24/14, & 6/26/14 | Not Required | 11:00 a.m. the day prior to the Ex Parte hearing |

| | | | | | |
|---|---|---|---|---|---|
| C31 | **Horn,** (657) 622-5231 | Motions are heard on Wednesday at 1:30 P.M.<br><br>Tentative Rulings<br><br>General Policies and Procedures 📄<br>Tuesday - Thursday. 9:00 A.M. NOTE: Motions for Summary Judgment & Demurrers must be reserved with C-24 prior to filing by calling (657)622-5224 No Tentative Rulings | M - F, 9:00 A.M. | 12:00 P.M. day before Ex Parte hearing- Reservation must be made with courtroom prior to hearing being set | 3:00 P.M. day before Ex Parte hearing |
| C24 | **Hunt,** (657) 622-5224 | | M - F, 1:30 P.M. | Not required | Ex Partes must be eFiled and courtesy copies brought to C24 at time of hearing. |
| C26 | **Lewis,** (657) 622-5226 | General Policies and Procedures 📄<br>Monday, 10:30 A.M. (Rulings posted on Internet 12:00, Friday prior to Monday hearing date) Reservations required, please visit our on-line Reserve a Motion Date.<br><br>Tentative Rulings<br><br>General Policies and Procedures 📄 | T - Fri, 9:00 A.M. | 10:00 A.M., day before Ex Parte hearing | 2:00 P.M., day before Ex Parte hearing with reservations required by 10:00am the day before. |
| C10 | **Marks,** (657) 622-5210 | Law & Motion will be heard on Monday at 2:00 pm. Reservations required, | M-TH 1:30 p.m. | Reservation must be made with courtroom day before the hearing by noon. | 3:00 p.m., day before the Ex Parte hearing |

Superior Court of California - County of Orange                                    Page 8 of 10

| | | | | | |
|---|---|---|---|---|---|
| | | please visit our on-line Reserve a Motion Date. Note: Motion for Summary Judgments for this department does not have the mandatory 24 hour filing rule.

Tentative Rulings

General Policies and Procedures
Tuesday, 1:30 P.M. Reservations required, please visit our on-line Reserve a Motion Date.

Tentative Rulings

General Policies and Procedures | | | |
| C21 | McEachen, (657) 622-5221 | | M-F, 9:00 A.M. | Noon, day before Ex Parte hearing | 3:00 P.M., day before Ex Parte hearing |
| C14 | Miller, (657) 622-5214 | Mon. 1:30 pm, *If Mon. is a holiday L&M is heard on Tuesday at 1:30 pm. Note: Reservations required, please visit our on-line Reserve a Motion Date. MSJ are exempt from the mandatory 24 hour filing rule in this dept.Filing is per code.

Tentative Rulings

General | Mon., Wed., Thurs., Fri., 8:30 A.M. | 9:00 A.M., day before Ex Parte hearing | 2:00 P.M., day before Ex Parte hearing |

Superior Court of California - County of Orange                                      Page 9 of 10

| | | | | | |
|---|---|---|---|---|---|
| C59 | Myers, Comm., (657) 622-5259 | Policies and Procedures<br><br>Thursday, 1:30 P.M. for Unlimited/ Omni Law and Motion. No Tentative Rulings will be posted on the Internet. Motions must be reserved prior to filing by calling 657-622-5259<br><br>Tentative Rulings | M - Th, 1:30 P.M. | By 3:00 PM on day before | By 3:00 PM on day before. |
| C15 | Nakamura, (657) 622-5215 | General Policies and Procedures ☒<br><br>Thursdays , 2:00 P.M. Rulings posted on Wednesday<br><br>Tentative Rulings | M.-Th, 1:30 P.M. | 24 hours, day before Ex Parte hearing | 3:00 P.M., the day before the Ex Parte hearing |
| C6 | Rodriguez, (657) 622-5206 | General Policies and Procedures<br><br>Thursday, 1:30 p.m.- Reservations required, please visit our on-line Reserve a Motion Date<br><br>Tentative Rulings | Monday & Friday at 9:00 a.m., Tuesday & Wednesday at 9:30 a.m., Thursday at 1:30 p.m. | Reservations required for Ex Partes by 10:00 a.m. the day prior of hearing. No Court Call appearances will be accepted for Ex Partes appearances. | No later than 2:00 p.m., day before Ex Parte hearing |
| C12 | Wilson, (657) 622-5212 | General Policies and Procedures ☒<br><br>Law and Motion will be heard on Wednesdays at 2:00 P.M. Reservations | M, T,W - TH, 1:30 P.M. | Noon, day before Ex Parte hearing | 3:00 P.M., day before Ex Parte hearing |

required,
please visit our
on-line Reserve
a Motion Date.

Tentative
Rulings

General
Policies and
Procedures

*located at 751 W. Santa Ana Blvd., Bldg 36, Santa Ana, CA 92701

© 2013 Superior Court of Orange County
Locations Telephone Numbers Employment Sitemap RSS Privacy Policy Webmaster

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF ORANGE

# ALTERNATIVE DISPUTE RESOLUTION (ADR)
# INFORMATION PACKAGE

### NOTICE TO PLAINTIFF(S) AND/OR CROSS-COMPLAINANT(S):

**Rule 3.221(c) of the California Rules of Court requires you to serve a copy of the ADR Information Package along with the complaint and/or cross-complaint.**

California Rules of Court – Rule 3.221
Information about Alternative Dispute Resolution (ADR)

(a) Each court shall make available to the plaintiff, at the time of filing of the complaint, an ADR Information Package that includes, at a minimum, all of the following:

(1) General information about the potential advantages and disadvantages of ADR and descriptions of the principal ADR processes.

(2) Information about the ADR programs available in that court, including citations to any applicable local court rules and directions for contacting any court staff responsible for providing parties with assistance regarding ADR.

(3) Information about the availability of local dispute resolution programs funded under the Dispute Resolutions Program Act (DRPA), in counties that are participating in the DRPA. This information may take the form of a list of the applicable programs or directions for contacting the county's DRPA coordinator.

(4) An ADR stipulation form that parties may use to stipulate to the use of an ADR process.

(b) A court may make the ADR Information Package available on its Web site as long as paper copies are also made available in the clerk's office.

(c) The plaintiff must serve a copy of the ADR Information Package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR Information Package on any new parties to the action along with the cross-complaint.

Exhibit A                                          25

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF ORANGE

### ADR Information

**Introduction.**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts and others offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. ADR is usually less formal, less expensive, and less time-consuming than a trial. ADR can also give people more opportunity to determine when and how their dispute will be resolved.

**BENEFITS OF ADR.**

Using ADR may have a variety of benefits, depending on the type of ADR process used and the circumstances of the particular case. Some potential benefits of ADR are summarized below.

**Save Time.**  A dispute often can be settled or decided much sooner with ADR; often in a matter of months, even weeks, while bringing a lawsuit to trial can take a year or more.

**Save Money.**  When cases are resolved earlier through ADR, the parties may save some of the money they would have spent on attorney fees, court costs, experts' fees, and other litigation expenses.

**Increase Control Over the Process and the Outcome.**  In ADR, parties typically play a greater role in shaping both the process and its outcome. In most ADR processes, parties have more opportunity to tell their side of the story than they do at trial. Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that are not available in a trial. Other ADR processes, such as arbitration, allow the parties to choose an expert in a particular field to decide the dispute.

**Preserve Relationships.**  ADR can be a less adversarial and hostile way to resolve a dispute. For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve.

**Increase Satisfaction.**  In a trial, there is typically a winner and a loser. The loser is not likely to be happy, and even the winner may not be completely satisfied with the outcome. ADR can help the parties find win-win solutions and achieve their real goals. This, along with all of ADR's other potential advantages, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.

**Improve Attorney-Client Relationships.**  Attorneys may also benefit from ADR by being seen as problem-solvers rather than combatants. Quick, cost-effective, and satisfying resolutions are likely to produce happier clients and thus generate repeat business from clients and referrals of their friends and associates.

**DISADVANTAGES OF ADR.**

ADR may not be suitable for every dispute.

**Loss of protections.**  If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

**Less discovery.**  There generally is less opportunity to find out about the other side's case with ADR than with litigation.   ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

**Additional costs.**  The neutral may charge a fee for his or her services.  If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

**Effect of delays if the dispute is not resolved.**  Lawsuits must be brought within specified periods of time, known as statues of limitation.  Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

## TYPES OF ADR IN CIVIL CASES.

The most commonly used ADR processes are arbitration, mediation, neutral evaluation and settlement conferences.

**Arbitration.**  In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

**Cases for Which Arbitration May Be Appropriate.**  Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

**Cases for Which Arbitration May Not Be Appropriate.**  If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Mediation.**  In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

**Cases for Which Mediation May Be Appropriate.**  Mediation may be particularly useful when parties have a relationship they want to preserve. So when family members, neighbors, or business partners have a dispute, mediation may be the ADR process to use. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

**Cases for Which Mediation May Not Be Appropriate.**  Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Neutral Evaluation.**  In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is

often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

**Cases for Which Neutral Evaluation May Be Appropriate.** Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

**Cases for Which Neutral Evaluation May Not Be Appropriate.** Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences.** Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

### ADDITIONAL INFORMATION.

In addition to mediation, arbitration, neutral evaluation, and settlement conferences, there are other types of ADR, including conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR types. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

To locate a dispute resolution program or neutral in your community:
- Contact the California Department of Consumer Affairs, Consumer Information Center, toll free, 1-800-852-5210
- Contact the Orange County Bar Association at (949) 440-6700
- Look in the Yellow Pages under "Arbitrators" or "Mediators"

Free mediation services are provided under the Orange County Dispute Resolution Program Act (DRPA) For information regarding DRPA, contact:
- Community Service Programs, Inc. (949) 851-3168
- Orange County Human Relations (714) 834-7198

For information on the Superior Court of California, County of Orange court ordered arbitration program, refer to Local Rule 360.

The Orange County Superior Court offers programs for Civil Mediation and Early Neutral Evaluation (ENE). For the Civil Mediation program, mediators on the Court's panel have agreed to accept a fee of $300 for up to the first two hours of a mediation session. For the ENE program, members of the Court's panel have agreed to accept a fee of $300 for up to three hours of an ENE session. Additional information on the Orange County Superior Court Civil Mediation and Early Neutral Evaluation (ENE) pilot programs is available on the Court's website at www.occourts.org.

Exhibit A                                                                 28

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name & Address)*: | *FOR COURT USE ONLY* |
|---|---|
| Telephone No.:           Fax No. (Optional): <br> E-Mail Address (Optional): <br> ATTORNEY FOR *(Name)*:        Bar No: | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
JUSTICE CENTER:
☐ Central - 700 Civic Center Dr. West, Santa Ana, CA 92701-4045
☐ Civil Complex Center - 751 W. Santa Ana Blvd., Santa Ana, CA 92701-4512
☐ Harbor-Laguna Hills Facility – 23141 Moulton Pkwy., Laguna Hills, CA 92653-1251
☐ Harbor – Newport Beach Facility – 4601 Jamboree Rd., Newport Beach, CA 92660-2595
☐ North – 1275 N. Berkeley Ave., P.O. Box 5000, Fullerton, CA 92838-0500
☐ West – 8141 13ᵗʰ Street, Westminster, CA 92683-0500

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION** | CASE NUMBER: |
|---|---|

Plaintiff(s)/Petitioner(s),_____

_____

and defendant(s)/respondent(s), _____

_____

agree to the following dispute resolution process:

☐  Mediation

☐  Arbitration (must specify code)
                 ☐ Under section 1141.11 of the Code of Civil Procedure
                 ☐ Under section 1280 of the Code of Civil Procedure

☐  Neutral Case Evaluation

The ADR process must be completed no later than 90 days after the date of this Stipulation or the date the case was referred, whichever is sooner.

☐  I have an *Order on Court Fee Waiver* (FW-003) on file, and the selected ADR Neutral(s) are eligible to provide pro bono services.

☐  The ADR Neutral Selection and Party List is attached to this Stipulation.

We understand that there may be a charge for services provided by neutrals.  We understand that participating in an ADR process does not extend the time periods specified in California Rules of Court rule 3.720 et seq.

Date: _____      _____      _____
                     (SIGNATURE OF PLAINTIFF OR ATTORNEY)      (SIGNATURE OF PLAINTIFF OR ATTORNEY)

Date: _____      _____      _____
                     (SIGNATURE OF DEFENDANT OR ATTORNEY)      (SIGNATURE OF DEFENDANT OR ATTORNEY)

---

**ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION**

Approved for Optional Use                                 California Rules of Court, rule 3.221
L1270 (Rev. January 2010)

 **CT Corporation**

**Service of Process Transmittal**
03/25/2014
CT Log Number 524648579

TO:  Jeffrey Friedel
Infosys Limited
Global Head of Employment Law, 400 Crossings Blvd. Suite 101
Bridgewater, NJ 08807

RE:  **Process Served in California**

FOR:  Infosys Limited (Domestic State: IN)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Rick Dominguez, Pltf. vs. Infosys Limited, et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Cover Sheet, Statement, Motion, Declaration, Minute Order, Notice, Attachment(s), Stipulation |
| **COURT/AGENCY:** | Orange County - Superior Court - Santa Ana, CA<br>Case # 30201400709450CUOECJC |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination - 9/17/2013 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 03/25/2014 at 14:50 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | 30 days after this summons and legal papers are served on you |
| **ATTORNEY(S) / SENDER(S):** | Daniel P. Stevens<br>Stevens & McMillan<br>335 Centennial Way<br>Tustin, CA 92780<br>714-730-1000 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day , 798343685196<br>Image SOP<br>Email Notification, Jeffrey Friedel Jeffrey_Friedel01@infosys.com<br>Email Notification, Gerald Creighton Gerald_236547@infosys.com<br>Email Notification, Shannon D'Jamoos Shannon_djamoos@infosys.com<br>Email Notification, Stacy Mikulik Stacy_Mikulik@infosys.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Nancy Flores |
| **ADDRESS:** | 818 West Seventh Street<br>Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Page 1 of  1 / SK

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

Exhibit A                                                                                        30